**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 14-00575 |
| | § | |
| MICHAEL JOHN BOLSINGA | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

**NOTICE OF TRUSTEE'S FINAL REPORT AND**
**APPLICATION FOR COMPENSATION**
**AND DEADLINE TO OBJECT (NFR)**

   Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that David P. Leibowitz, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

   The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

   219 South Dearborn Street, Chicago, IL 60604

   Any person wishing to object to any fee application that has not already been approved or to the Final report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:30 a.m. on 01/13/2015, in Courtroom 644, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed:   12/19/2014          By:   /s/ David P. Leibowitz
                                          Trustee

David P. Leibowitz
420 West Clayton St
Waukegan, IL, 60085

UST Form 101-7-NFR (10/1/2010)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 14-00575 |
| | § | |
| MICHAEL JOHN BOLSINGA | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

**SUMMARY OF TRUSTEE'S FINAL REPORT**
**AND APPLICATIONS FOR COMPENSATION**

*The Final Report shows receipts of*     $1,556.00
*and approved disbursements of*     $18.32
*leaving a balance on hand of[1]:*     $1,537.68

Claims of secured creditors will be paid as follows: NONE

Total to be paid to secured creditors:     $0.00
Remaining balance:     $1,537.68

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| David P. Leibowitz, Trustee Fees | $365.83 | $0.00 | $365.83 |
| David P. Leibowitz, Trustee Expenses | $2.08 | $0.00 | $2.08 |

Total to be paid for chapter 7 administrative expenses:     $367.91
Remaining balance:     $1,169.77

Applications for prior chapter fees and administrative expenses have been filed as follows: NONE

Total to be paid to prior chapter administrative expenses:     $0.00
Remaining balance:     $1,169.77

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are: NONE

|  | |
|---|---:|
| Total to be paid to priority claims: | $0.00 |
| Remaining balance: | $1,169.77 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $1,075.89 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---:|---:|---:|
| 1 | Capital Recovery V, LLC | $1,075.89 | $0.00 | $1,075.89 |

|  | |
|---|---:|
| Total to be paid to timely general unsecured claims: | $1,075.89 |
| Remaining balance: | $93.88 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows: NONE

|  | |
|---|---:|
| Total to be paid to tardily filed general unsecured claims: | $0.00 |
| Remaining balance: | $93.88 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

UST Form 101-7-NFR (10/1/2010)

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

| | |
|---|---:|
| Total to be paid for subordinated claims: | $0.00 |
| Remaining balance: | $93.88 |

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.13 percent pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $1.16. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor(s) after payment of all claims and interest is $92.72.

Prepared By: /s/ David P. Leibowitz
Trustee

David P. Leibowitz
420 West Clayton St
Waukegan, IL, 60085

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**

United States Bankruptcy Court
Northern District of Illinois

In re:
Michael John Bolsinga
    Debtor

Case No. 14-00575-PSH
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0752-1         User: ccabrales         Page 1 of 1         Date Rcvd: Dec 22, 2014
                        Form ID: pdf006        Total Noticed: 7

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 24, 2014.
db             +Michael John Bolsinga,    2827 N Central Park Ave,    No 1F,    Chicago, IL 60618-7351
21401754       +Barclays Bank Delaware,    700 Prides Xing,    Newark DE 19713-6102
21401751        Cook County Revenue,    Non-Retailer Use Tax,    PO Box 641547,    Chicago IL 60664-1547
21401753       +Dennis Kellogg,    105 W Madison St,    Chicago IL 60602-4602
21401755       +GE Carcare One,    PO Box 965036,    Orlando FL 32896-5036
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
21975198        E-mail/PDF: rmscedi@recoverycorp.com Dec 23 2014 01:43:53      Capital Recovery V, LLC,
                 c/o Recovery Management Systems Corporat,     25 SE 2nd Avenue Suite 1120,    Miami FL 33131-1605
21434385        E-mail/PDF: gecsedi@recoverycorp.com Dec 23 2014 01:44:59      GE Capital Retail Bank,
                 c/o Recovery Management Systems Corp.,     Ramesh Singh,    25 S.E. 2nd Avenue, Suite 1120,
                 Miami, FL 33131-1605
                                                                                               TOTAL: 2

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 24, 2014                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 19, 2014 at the address(es) listed below:
              David P Leibowitz, ESQ    dleibowitz@lakelaw.com,
               il64@ecfcbis.com;ECF@lakelaw.com;dl@trustesolutions.com;dl@trustesolutions.net
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                               TOTAL: 2
```